# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DANIEL A. MYERS AND<br>KATHERINE A. MARIN SOSA<br>6001 Montrose Rd, Suite 705<br>Rockville, MD 20852<br><br>          Plaintiffs,<br><br>    v.<br><br>MIKE POMPEO, United States<br>Secretary of State<br>Office of Legal Advisor<br>US Department of State<br>2201 C Street NW<br>Washington DC, 20520<br><br>CHAD WOLF, Acting United<br>States Secretary Department of<br>Homeland Security<br>Office of the General Counsel<br>Department of Homeland Security<br>3801 Nebraska Ave NW<br>Washington, DC 20016<br><br>WILLIAM BARR, United States<br>Attorney General<br>United States Department of Justice<br>950 Pennsylvania Ave NW<br>Washington, DC 20530<br><br>          Defendants | Civil No. _____ |

## COMPLAINT FOR DECLARATORY RELIEF IN THE NATURE OF MANDAMUS

COME NOW the Plaintiffs, Daniel A. Myers and Katherine A. Marin

Sosa, by counsel, and for their causes of action against the Defendants, allege and state the following:

## INTRODUCTION

1. This is an action for declaratory relief in the nature of mandamus, to compel the Defendants to act on the immigrant visa application filed by Plaintiff, Katherine A. Marin Sosa following an approved I-130 family spousal petition by Plaintiff, Daniel A. Myers.  This application is within the jurisdiction of the Defendants, who have improperly withheld action on it to Plaintiffs' detriment.

## JURISDICTION

2. This Court has jurisdiction pursuant to the provisions of 28 U.S.C. § 1331 (federal question jurisdiction) as a civil action arising under the Constitution of the United States and the Immigration and Nationality Act (INA) codified at 8 U.S.C. § 1101 et seq; 5 U.S.C. § 701 et seq. (Administrative Procedure Act or APA) as an action to compel agency action unlawfully withheld or unreasonably delayed; and 28 U.S.C. § 1361 as an action to compel an officer or employee of the United States to perform a duty owed to Plaintiffs.

## EXHAUSTION OF REMEDIES

3. Plaintiffs have exhausted their administrative remedies.  Plaintiffs have made inquiries about the status of the pending immigrant visa application through the congressional liaison.  No further administrative remedies are

available to address the Defendants' failure to act on the Plaintiffs' application.

## VENUE

4. Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(e), as amended, which provides that in a civil action in which a defendant is an officer or employee of the United States or any agency thereof, the action may be brought in any judicial district where the plaintiff resides if no real property is involved in the action. Venue is proper in this Court under 28 U.S.C. §1391(e)(3) because the Plaintiff, Mr. Daniel A. Myers, resides within this judicial district, and no real property is involved in this action.

## PLAINTIFFS

5. Plaintiff Katherine A. Marin Sosa is a native and citizen of Colombia. She is married to Daniel A. Myers, a United States citizen. Ms. Marin Sosa is the beneficiary of an approved I-130 petition filed by her spouse.

6. Plaintiff Daniel A. Myers is a native and citizen of the United States. Mr. Myers is married to Katherine A. Marin Sosa. He is a United States citizen by birth. Mr. Myers filed an I-130 family spousal petition on behalf of his wife. The petition was approved by the United States Citizenship and Immigration Service and transferred to the National Visa Center for consular processing.

//

//

# DEFENDANTS

7.     Defendant Mike Pompeo is the Secretary of State of the United States.  In his capacity as Secretary of State, Mr. Pompeo is responsible for the overall administration of the Department of State, including the Bureau of Consular affairs, which is responsible for issuance of visas under the immigration laws of the United States.  Mr. Pompeo is sued in his official capacity.

8.     Defendant Chad Wolf is the alleged acting United States Secretary of the Department of Homeland Security (DHS).  In his capacity as Secretary, Chad Wolf is charged with the administration and enforcement of the Immigration and Nationality Act (INA), and has oversight of all federal immigration agencies including the Customs and Border Protection (CBP), Immigration and Customs Enforcement (ICE), and U.S. Citizenship and Immigration Services (USCIS).  Chad Wolf is sued in his official capacity.

9.     Defendant William Barr is the United States Attorney General.  In his capacity as United States Attorney General, Mr. Barr is responsible for the administration and enforcement of the immigration laws of the United States.  He additionally heads the Department of Justice which performs certain background and security checks in connection with applications for benefits under the INA.  Mr. Barr is sued in his official capacity.

# FACTUAL ALLEGATIONS

10. Plaintiff Daniel A. Myers is a United States citizen. He married Plaintiff Katherine A. Marin Sosa on May 17, 2019 in Cartagena, Colombia. He filed an I-130 petition for his spouse on July 3, 2019. The petition is an immediate relative petition.

11. On March 16, 2020, the I-130 petition was approved by USCIS and transferred to the National Visa Center for consular processing. *See* Exhibit 1, I-130 Approval Notice. The petition was assigned case number BGT2020581034.

12. On April 9, 2020, the immigrant visa application with submitted to the U.S. Department of State. *See* Exhibit 2, DS-260 Immigrant Visa Application Confirmation.

13. Although the immigrant visa application and supporting documents were submitted, no immigrant visa interview date has been set by the U.S. Embassy in Bogota, Colombia.

14. According to the Consular Electronic Application Center, the application is still being processed at the National Visa Center.

15. On Wednesday, April 22, 2020, President Trump signed a Proclamation suspending entry into the United States of certain immigrants who "present risk to the U.S. labor market during the economic recovery following the COVID-19 outbreak." The proclamation was effective on April 23, 2020 and

expires December 31, 2020. The proclamation provides exceptions to its restrictions for certain categories of immigrants, including spouses of U.S. citizens. *See* Exhibit 3, Presidential Proclamation 10014.

16. According to the U.S. Embassy of Bogota Colombia's website, "As of March 17, U.S. Embassy Bogotá canceled routine immigrant and nonimmigrant visa appointments to safeguard the health and safety of visa applicants and Embassy staff." However as of August 14, 2020, they began conducting visa interviews for students and their qualifying family members in the F and M visa categories and in some cases exchange visitors in the J visa category. The Embassy sites Presidential Proclamation 10014. *See* https://co.usembassy.gov/visas/immigrant-visas/.

17. After requesting congressional assistance, on November 6, 2020 and November 16, 2020, Senator Ted Cruz's office received notification from the National Visa Center that they received all the necessary forms and documents but that the case could not be scheduled for an interview date. *See* Exhibit 4, e-mail correspondence from Senator Ted Cruz's office.

18. On November 20, 2020, revised guidance was issued by the Department of State in accordance with a Court order to "treat visa applicants … no less favorably than any other nonimmigrant visa applicant." *See* Exhibit 5, Revised Guidance for the Court Order in National Association of Manufacturers

5

v DHS.

19. Despite Plaintiffs' considerable efforts to resolve this issue, Ms. Marin Sosa's immigrant visa application remains pending.

## **CLAIMS FOR RELIEF**

### **Count One – Mandamus Action, 28 U.S.C. § 1361**

20. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 19 above.

21. Plaintiffs have a claim for mandamus relief under 28 U.S.C. § 1361 which provides the authority to compel Defendants to perform a duty owed to Plaintiff. Defendants have willfully and unreasonably failed to adjudicate Plaintiff's pending immigrant visa application. The Defendants owe a duty to adjudicate the application under the INA and federal regulations. See 8 U.S.C. § 1154(b), 22 CFR 42.81 (when a visa application has been properly completed and executed before a consular officer, the consular officer must either issue or refuse the visa). The Ninth Circuit persuasively has found that it has authority to grant mandamus relief to compel a consular officer to act on a visa application. In *Patel*, 134 F.3d at 932, the court remanded for the district court to order the U.S. Consulate in Bombay, India to act on the plaintiff's visa application. Although the court acknowledged that "[n]ormally, a consular official's discretionary decision to grant or deny a visa petition is not subject to review,"

the court found mandamus jurisdiction when the consul "fail[s] to take an action." *Patel v. Reno*, 134 F.3d 929 at 931-32 (9th Cir. 1997); *see also Assad v. Holder*, No. 2:13-00117, 2013 WL 5935631, *4 (D.N.J. Nov.1, 2013) (Embassy's failure to make final decision on visa application gives court jurisdiction to grant mandamus).

22. Defendants' continual delay and refusal to adjudicate the instant application is unreasonable in light of the significant emotional and financial harm that this action has caused the Plaintiffs. It is further unreasonable given the exception to Presidential Proclamation 10014 for spouses of US citizens and revised guidance to treat nonimmigrant and immigrant visas the same. Moreover, the U.S. Embassy in Bogota is processing some nonimmigrant visa applications in spite of COVID-19 precautions.

**Count Two – Administrative Procedures Act, 5 U.S.C. §§ 701 et seq.**

23. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 19 above.

24. By failing to process the Plaintiffs immigrant visa application, the Defendants are in violation of the Administrative Procedures Act (APA). The Defendants are unlawfully withholding and unreasonably delaying action on Plaintiffs application and has failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case. Defendants' actions are

arbitrary and capricious, and not in accordance with law.

### Count Three – Equal Access to Justice Act

25. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 19 above.

26. If they prevail, Plaintiffs will seek attorney's fees and costs under the Equal Access to Justice Act (EAJA), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

### CONCLUSION

**WHEREFORE**, Plaintiffs request the Court to grant the following relief:

(1) Accept and maintain continuing jurisdiction of this action.

(2) Order Defendants to adjudicate Plaintiffs pending immigrant visa application within 30 days of the Court's order.

(3) Award Plaintiffs the costs of this action, including fair and reasonable attorney's fees as provided in the Equal Access to Justice Act.

(4) Provide such relief as the Court may deem proper and appropriate.

Dated:  December 1, 2020

                        Respectfully submitted,

                        /s/ Eugene W. Policastri
                        Eugene W. Policastri, Bar No 14917
                        Policastri Law Firm
                        600 Jefferson Plaza, Suite 308
                        Rockville, MD  20852
                        Telephone: (240)660-2219

Facsimile: (240)235-4399
E-mail:gene@policastrilawfirm.com
Designated Local Counsel

AND

Jennifer Rozdzielski
JR Immigration Law
21250 Hawthorne Blvd., Suite 500
Torrance, CA 90503
Telephone: (310)792-7063
Facsimile: (310)388-0646
E-mail: jennifer@jrvisalaw.com
Pro Hac Vice application pending

Attorneys for Plaintiffs

9